IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RAJ ENTERPRISES OF CENTRAL
FLORIDA, LLC d/b/a PINNACLE
LABORATORY SERVICES,

    Plaintiff,

v.                                CASE NO: 5:14-CV-00344-JGM-PRL

SELECT LABORATORY PARTNERS, INC.

    Defendant.

## ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM AND DEMAND FOR JURY TRIAL OF DEFENDANT, SELECT LABORATORY PARTNERS, INC.

Defendant, SELECT LABORATORY PARTNERS, INC., ("SLP"), by and through counsel, hereby answers the First Amended Complaint of Plaintiff, RAJ ENTERPRISES OF CENTRAL FLORIDA, LLC d/b/a PINNACLE LABORATORY SERVICES, ("PINNACLE") and responds by correspondingly numbered paragraphs as follows:

### GENERAL ALLEGATIONS:

1. Admitted.

2. Admitted that SLP provides clinical laboratory management services and is located in Greensboro, North Carolina. Otherwise, denied.

3. Admitted. It is further admitted that the document attached as Exhibit "A" to Plaintiff's Complaint is a true and correct copy of the agreement entered into by PINNACLE and SLP.

4. Denied.

5. Admitted for jurisdictional purposes, only. Otherwise, denied.

6. SLP lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

7. Denied.

8. Denied.

9. Denied.

10. SLP lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

11. Denied.

12. Admitted that PINNACLE paid for laboratory materials (reagents and supplies) from December 2012 through March 2013. The remainder of the allegations contained in this paragraph are denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

## COUNT I
## BREACH OF CONTRACT

20. SLP realleges and incorporates herein by reference its answers to Paragraphs 1 through 19, above.

21. This paragraph contains conclusions of law and citations to which no response is required.

22. Admitted that the parties have entered a valid and enforceable Agreement. The remaining allegations contained in this paragraph are denied.

## AFFIRMATIVE DEFENSES OF DEFENDANT, SELECT LABORATORY PARTNERS, INC.

1. The Complaint of PINNACLE fails to state a claim upon which relief can be granted. More particularly, the Contract attached as Exhibit "A" to PINNACLE's Complaint, at Paragraph 4.6.2.1, requires non-breaching party to provide the other party with written notice of material breach and the opportunity of the breaching party to cure said breach within thirty (30) calendar days of receipt of written notice thereof. PINNACLE has failed to allege that it complied with this contractual provision. A party may not sue for breach of contract where the party failed to comply with the requirements of the contract's default provision.

2. The Complaint of PINNACLE fails to state a claim upon which relief can be granted for its attorney's fees. PINNACLE requests an award of attorney's fees but fails to allege any contractual provisions or applicable statute upon which an award of attorney's fees could be based.

## COUNTERCLAIM OF DEFENDANT/COUNTER-PLAINTIFF, SELECT LABORATORY PARTNERS, INC.

Defendant/Counter-Plaintiff, SELECT LABORATORY PARTNERS, INC. ("SLP"), hereby files this Counterclaim against the Counter-Defendant, RAJ ENTERPRISES OF CENTRAL FLORIDA, LLC d/b/a PINNACLE LABORATORY SERVICES ("PINNACLE") and alleges as follows:

1. SLP is a corporation organized and existing under the laws of the State of North Carolina. SLP's principal place of business is in Greensboro, Guilford County, North Carolina.

2. PINNACLE is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business in Ocala, Marion County, Florida.

3. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 USC §1332.

4. SLP is in the business of assisting companies with establishing clinical laboratories for drug screening and drug confirmation testing in various states across the United States. Among other valuable goods and services provided to its customers under management services agreements, SLP supplies its expertise, intellectual property, methodologies, standard operating procedures, protocols, quality manuals, recruitment services for key technical personnel (e.g. laboratory directors, chemists, and laboratory technologists), equipment procurement under exclusive value added multi-system special prices, analytical methods for drug screening, and confirmation testing which supports multi-drug confirmations and fast processing. SLP also becomes the exclusive manager of these services and exclusive supplier of toxicology reagents, drug kits, calibrators, controls and other supplies necessary to provide the services.

5. In 2012, SLP engaged in business dealings with Florida resident, James Porter, an authorized representative of PINNACLE.

6. SLP and PINNACLE entered into a Management Services Agreement dated May 8, 2012 (hereafter the "Contract"). A true and correct copy of the Contract is attached as Exhibit "A" to Counter-Defendant's Complaint.

7. SLP properly performed under the Contract. Pursuant to the Contract, SLP assisted in establishing laboratory services at PINNACLE's clinical laboratory facility for drug testing in Ocala, Florida. SLP supplied its expertise, intellectual property, methodologies, standard operating procedures, protocols, quality manuals, recruitment

services for key technical personnel, equipment procurement under exclusive value added multi-system special prices, analytical methods for drug screening, and confirmation testing which supports multi-drug confirmations and fast processing. SLP was the exclusive manager of these services to PINNACLE and exclusive supplier of toxicology reagents, drug kits, calibrators, controls and other supplies necessary to provide the services to PINNACLE. SLP played a critical role in establishing and enabling PINNACLE's successful clinical laboratory for high complexity drug screening and the very complex process of LC/MSMS confirmatory drug testing. SLP supplied all technical aspects, either directly or indirectly, that were necessary and essential to enable PINNACLE's business to be viable and economically successful.

8. The Contract has an Initial Term of five years, with automatic renewal for one year terms thereafter unless either party gives written notice to the other party of at least 180 days prior to the end of the Initial or Renewal Term. Under the Contract, a party may terminate the Contract for material breach after giving the other party notice of the breach and the breaching party has failed to cure the breach within 30 days.

9. PINNACLE wrongfully attempted to terminate the Contract by way of letter dated March 11, 2014. According to the March 11, 2014 letter, entitled "Termination of Contract", the Contract was terminated and PINNACLE demanded that SLP cease operations at the laboratory. Moreover, in or about March, 2014, PINNACLE instructed third party vendors to cease providing information and services to SLP that were an integral part of the laboratory operation including, without limitation, data concerning patient counts, accounting and record keeping.

10. After SLP's receipt of the March 11 letter, PINNACLE did not afford SLP the opportunity to cure problems or breaches, if any.

11. SLP was and is not in breach of the Contract, and PINNACLE has no right to terminate the Agreement. SLP, its senior management, and professional staff have done all that was contracted for under the Contract. SLP has essentially put PINNACLE in the clinical lab testing business. SLP has performed sufficient and competent services to enable PINNACLE to comply with Florida regulatory requirements under the Clinical Laboratory Improvement Amendments ("CLIA").

12. The party in breach of the Contract is PINNACLE. PINNACLE does not like the 5 year deal it struck in 2012 with SLP. Now that SLP has helped make PINNACLE a successful clinical laboratory, PINNACLE has decided it can be even more successful by shopping the agreement for better pricing elsewhere, avoid paying management fees and per patient testing fees, and breaking its Contract with SLP. In further breach of the Contract, PINNACLE has failed to inform SLP of the number of patients having confirmation testing performed on the LC/MSMS equipment, as a means of preventing SLP from invoicing PINNACLE for the per patient testing fees. PINNACLE's March 11 letter purported to give reasons why SLP is in breach of the Contract, but the reasons are a smokescreen for the true intent of PINNACLE. The issues encountered by PINNACLE in its lab business were due to the large and unexpected growth of the volume of drug testing and the type and scope of testing performed by PINNACLE, which were issues not caused or created by SLP.

13. Pursuant to the terms of the Contract, and at the time of PINNACLE's wrongful termination of March 11, 2014, PINNACLE owed SLP the sum of $343,454.04 for services provided and goods delivered between November 8, 2012 and March 11, 2014.

## COUNT I
## (BREACH OF CONTRACT)

14. SLP realleges and incorporates herein by reference, those allegations contained in Paragraphs 1 through 13, above, as if set forth fully herein.

15. The Contract constitutes a valid and enforceable agreement between SLP and PINNACLE.

16. SLP has complied with its obligations under the agreement and adequately performed under the agreement.

17. PINNACLE has failed and refused and continues to fail and refuse to honor its obligations under the Contract.

18. SLP has sustained damages as a direct and proximate result of PINNACLE's breach of the Contract, in an amount to be proven at trial, far in excess of the jurisdictional limits of this Court of $75,000.00. SLP has lost substantial revenue and will continue to lose substantial revenue throughout the life of the Contract as a result of the breach and premature purported termination of the Contract. Due to PINNACLE's wrongful termination of the Contract and its refusal to provide or allow access to records and data relating to the laboratory operation since the wrongful termination, SLP is not able to calculate its damages with certainty at this time.

WHEREFORE, SLP prays the Court as follows:

1. That SLP have and recover judgment against PINNACLE for breach of the Contract in an amount to be proven at trial, in excess of $75,000.00, plus interest.

2. That the Court tax the cost of this action against PINNACLE; and

3. For such other and further relief as the Court deems just and proper.

## COUNT II
## (FOR SERVICES PROVIDED AND GOODS SOLD)

19. SLP realleges and incorporates herein by reference, those allegations contained in Paragraphs 1 through 7 and 13, above, as if set forth fully herein.

20. PINNACLE owes SLP $343,454.04 for services provided and goods delivered to PINACLE between November 8, 2012 and March 11, 2014.

WHEREFORE, SLP prays the Court as follows:

1. That SLP have and recover judgment against PINACLE in the amount of $343,454.04, plus interest.

2. That the Court tax the cost of this action against PINNACLE; and

3. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

The Defendant/Counter-Plaintiff, SELECT LABORATORY PARTNERS, INC., hereby demands jury of all issues so triable, pursuant to Rule 38(b), Fed.R.Civ.P.

Respectfully submitted,

*/s/ Robert W. Batsel*

ROBERT W. BATSEL, ESQUIRE
Florida Bar No.: 0329703
McCLELLAN & BATSEL, P.A.
Post Office Box 2530
Ocala, Florida 34478
rbatsel@mcbatlaw.com
scjohnston@mcbatlaw.com
Telephone (352)622-3252
Facsimile: (352)622-8310
Trial Counsel for Defendant/Counter-Plaintiff
Select Laboratory Partners, Inc.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was served via Email and U.S. Mail to Mark S. Thomas, Esquire, 5200 S.W. 91st Terrace, Suite 101-B, Gainesville, Florida 32608, Mark@ThomasHLG.com this the 26th day of June, 2014.

*/s/ Robert W. Batsel*
ROBERT W. BATSEL, ESQUIRE
Florida Bar No.:     0329703
McCLELLAN & BATSEL, P.A.
Post Office Box 2530
Ocala, Florida 34478
rbatsel@mcbatlaw.com
scjohnston@mcbatlaw.com
Telephone (352)622-3252
Facsimile: (352)622-8310
Trail Counsel for Defendant/Counter-Plaintiff
Select Laboratory Partners, Inc.