FILED

2014 JUL 14 PM 12: 01

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RAJ ENTERPRISES OF CENTRAL )
FLORIDA, LLC d/b/a PINNACLE )
LABORATORY SERVICES, )
)
)
      Plaintiff )
)
)
v. ) CASE NO.: 5:14-CV-00344-JGM-PRL
)
SELECT LABORATORY PARTNERS, )
INC. )
      Defendant. )
)

**PLAINTIFF'S ANSWERS TO DEFENDANT'S AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS**

Plaintiff, RAJ ENTERPRISES OF CENTRAL FLORIDA, LLC d/b/a PINNACLE LABORATORY SERVICES ("Pinnacle"), by and through undersigned counsel, hereby answers the affirmative defenses and counterclaims of Defendant, SELECT LABORATORY PARTNERS, INC. ("SLP"), as follows:

RESPONSES TO AFFIRMATIVE DEFENSES

1. First Affirmative Defense – Failure to State a Claim for Breach of Contract. Pinnacle responds that a notice of material breach and a demand for cure was sent by the undersigned to SLP on March 11, 2014, with a follow-up letter on March 26, 2014. *See* Exhibit A. Pinnacle alleges that no response or remedy

1

was received by the undersigned or Pinnacle from SLP. Therefore, all conditions precedent of the contract have been performed by Pinnacle.

## ANSWERS TO COUNTERCLAIMS

1. Unknown, therefore denied.

2. Admitted.

3. Admitted.

4. Admitted that SLP provided clinical laboratory management services for Pinnacle. The remainder of the allegations are unknown and therefore denied.

5. Admitted.

6. Admitted.

7. Admitted that SLP assisted Pinnacle to set up a clinical laboratory. The remainder of the allegations are denied.

8. Admitted.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Unknown, therefore denied.

14. This allegation does not call for a response.

15. Admitted that prior to termination, the agreement of the parties was enforceable. The remainder of the allegations are denied.

16. Denied.

17. Denied.

18. Unknown, therefore denied.

19. This allegation does not call for a response.

20. Unknown, therefore denied.

WHEREFORE, Plaintiff Pinnacle requests an adjudication of SLP's breach of the parties' Agreement, requests payment from SLP to remedy its damages due to such breach, and for such other and further relief as the Court deems proper, to include pre-judgment interest, attorneys' fees and costs.

RESPECTFULLY SUBMITTED this __10th__ day of July, 2014.

___/Mark S. Thomas/___
Mark S. Thomas
Florida Bar No. 0001716
THOMAS HEALTH LAW GROUP, PA
5200 SW 40th Avenue, Suite 101-B
Gainesville, FL 32608
(352) 372-9990 (telephone)
(855) 629-7101 (facsimile)
mark@thomashlg.com
Counsel for Plaintiff

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the pleading above was forwarded be electronic mail to Robert W. Batsel, Esq., McClellan & Batsel, PA, P.O. Box 2530, Ocala, Florida 34478, rbatsel@mcbatlaw.com by electronic mail this _10th_ day of July, 2014.

___/Mark S. Thomas/___
Mark S. Thomas

**Mark S. Thomas**
Florida Bar Board Certified in Health Law

**THOMAS HEALTH LAW GROUP, PA**
Mark@ThomasHLG.com
855.629.7101 (email facsimile)

Gainesville Office:
5200 SW 91st Terrace, Suite 101-B
Gainesville, Florida 32608
352.372.9990 (telephone)

Santa Rosa Beach Office:
P.O. Box 611193
Rosemary Beach, Florida 32461
850.510.0031 (telephone)

March 11, 2014

**OVERNIGHT MAIL**

Chief Executive Officer
Select Laboratory Partners, Inc.
1100 Revolution Mill Drive, Suite 1
Greensboro, NC 27405

RE: Termination of Contract

Sir or Madam:

Please accept this letter as notice of termination of the Management Services Agreement ("Agreement") between Select Laboratory Partners, Inc. ("SLP") and RAJ Enterprises of Central Florida, LLC d/b/a Pinnacle Laboratory Services ("Pinnacle"), pursuant to section 4.6.2.1 of the Agreement.

Specifically, SLP has been in continuous breach of the Agreement since at least November 15, 2012 as follows:

1. Failure to complete validations on all toxicology testing, in material breach of sections 1.1, 1.6, 1.7 and 1.8 of the Agreement;
2. Failure to provide a Senior Chemist/Scientist with a Florida license, in material breach of section 1.2 of the Agreement;
3. Failure to provide adequately trained and experienced clinical laboratory staff, in material breach of sections 1.1 and 1.7 of the Agreement;
4. Failure to provide quality assurance information, in material breach of sections 1.1, 1.6, 1.7 and 1.8 of the Agreement;
5. Failure to maintain the calibration of the clinical laboratory equipment, in material breach of sections 1.1, 1.5 and 1.7 of the Agreement;
6. Failure to provide adequate documentation of clinical laboratory services provided, in material breach of sections 1.1, 1.6 and 1.7 of the Agreement;
7. Failure to provide for proper communications between the Laboratory Director and SLP personnel, in material breach of section 1.1 of the Agreement;

1

Exhibit A

8. Failure to provide for consistent and reliable compliance with federal and Florida legal requirements applicable to a high-complexity clinical laboratory, in material breach of sections 1.1 and 1.7 of the Agreement;
9. Failure to provide for accurate and reliable generation of clinical laboratory test results, in material breach of sections 1.1, 1.6 and 1.7 of the Agreement;
10. Failure to provide for reliable and correct information technology support for clinical laboratory equipment, in material breach of sections 1.1 and 1.7 of the Agreement;
11. Failure to provide for compliant operating standards of clinical laboratory equipment, in material breach of sections 1.1 and 1.7 of the Agreement;
12. Failure to properly handle clinical laboratory reagents, in material breach of sections 1.1 and 1.7 of the Agreement;
13. Failure to timely and accurately complete clinical laboratory testing, in material breach of sections 1.1 and 1.7 of the Agreement; and,
14. Failure to create and maintain compliant polices, procedures and guidelines for the clinical laboratory operations, in material breach of sections 1.1 and 1.7 of the Agreement.

Clearly, SLP has had much more than sufficient time to address the preceding deficiencies, but has failed to do so. Pinnacle has been significantly damaged by SLP's documented failures to comply with the parties' Agreement, to include:

1. Multiple, significant delays in initial licensure, which generated tens of thousands of dollars in opportunity cost for Pinnacle;
2. Significant wastage of reagents from excessive retesting due to software and operations breakdowns, which generated thousands of dollars in unnecessary supplies cost for Pinnacle;
3. The need for the subcontracting of outsourced professionals to evaluate and remedy SLP's operational failures (to include my time), which generated thousands of dollars in unnecessary professional expenses for Pinnacle; and
4. Damage to Pinnacle's professional reputation due to SLP's breaches of the Agreement, which generated incalculable opportunity cost for Pinnacle.

Pinnacle is currently undertaking a detailed financial analysis in order to determine its expected damages that were the direct result of SLP's contract breaches. Such damages will be timely presented to SLP upon the completion of such analysis.

In the short term, please cease SLP operations at Pinnacle as quickly as clinically and operationally possible in order to limit Pinnacle's future damages due to SLP's contract noncompliance.

      Please contact me as soon as possible in order to formalize the details as to SLP's cessation of operations at the Pinnacle laboratory.

      Thank you for your cooperation in this very important matter,

Mark S. Thomas
Legal Counsel for RAJ Enterprises of Central Florida
(Please respond to Gainesville Office)

cc:    Jim Porter

**Mark S. Thomas**
**Florida Bar Board Certified in Health Law**

THOMAS HEALTH LAW GROUP, PA
Mark@ThomasHLG.com
855.629.7171 (email facsimile)

Gainesville Office:
5200 SW 91st Terrace, Suite 101-B
Gainesville, Florida 32608
352.372.9990 (telephone)

Santa Rosa Beach Office:
P.O. Box 611193
Rosemary Beach, Florida 32461
850.510.0031 (telephone)

March 26, 2014                                              **ELECTRONIC MAIL**

James W. Bryan
Nexsen Pruet, PLLC
701 Green Valley Road, Suite 100
Greensboro, NC 27408
JBryan@nexsenpruet.com

RE:   Select Laboratory Partners

Mr. Bryan:

    As we have discussed, my client RAJ Enterprises of Central Florida, LLC d/b/a Pinnacle Laboratory Services ("Pinnacle"), makes the following demands of your client Select Laboratory Partners, Inc. ("SLP"):

1. SLP was approximately four months late in securing a clinical laboratory license from the State of Florida for the Pinnacle laboratory, and due directly to such gross mishandling of the licensure process, Pinnacle forfeited four months of revenues (December 2012 through March 2013). After SLP finally obtained a license for Pinnacle to begin operations, revenues were: were $0 for April 2013; $134,462.23 for May 2013; $344,891.72 for June 2013; and $196,078.90 for July 2013; at a total of $675,432.85 for the first four months of licensed operations. Pinnacle estimates that damages due to SLP's gross mismanagement amounted to $168,858.21 per month for the four months of December 2012 through March 2013, or $675,432.85. Pinnacle therefore demands reimbursement from SLP of $675,432.85

2. Pinnacle paid for laboratory materials (reagents and supplies) from December 2012 through March 2013, but refuses to reimburse SLP for its employees for such months. In the event that SLP agrees to reimburse Pinnacle the $675,432.85 demanded in item number 1 above for Pinnacle's damages due

1

      to SLP's failure to timely obtain a license for the Pinnacle laboratory, Pinnacle will of course then pay SLP for its personnel expense for such period.

3. Pinnacle lost in excess of 1240 specimens' reimbursement during the period of June, July and August 2013 due directly to SLP's grossly inadequate clinical methodology for the LCMS. Specifically, Pinnacle's lost business was comprised of: more than 100 specimens from Dr. Villalobos; more than 600 specimens from Dr. Agretski; more than 175 specimens from Dr. Saranita; more than 100 samples from Dr. Piaz; more than 150 specimens from Dr. Miltenberger; more than 80 specimens from Dr. Stearns; and, more than 35 specimens from Dr. Deluca. Pinnacle would be pleased to provide the extensive documentation of such losses and SLP's direct responsibility therefor.

4. SLP did a licensure inspection drill in late October and early November 2013 (the first in approximately eight months) and failed their own mock inspection. Clearly, SLP is simply not competent to handle the rigors of State of Florida clinical laboratory licensure.

5. SLP's senior scientist assigned to the Pinnacle laboratory, Dr. Howard Mayfield, is not licensed in Florida (as expressly required pursuant to the parties' agreement). Dr. Howard is not qualified to manage a Florida laboratory, and Pinnacle was forced to employ a separate senior scientist at its own expense (Dr. Quin), who completely revamped the Pinnacle laboratory method.

6. As of September 2013, the Pinnacle laboratory abandoned the deeply flawed SLP operating systems and instituted their own through Dr. Quin. Pinnacle therefore declines to pay SLP for its operations subsequent to September 2013.

Sincerely,

Mark S. Thomas
Legal Counsel for Pinnacle Laboratory Services
(Please respond to Gainesville Office)

cc:     Jim Porter

2