**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

RAJ ENTERPRISES OF CENTRAL
FLORIDA LLC,

    Plaintiff,

v.                                                                                          Case No: 5:14-cv-344-Oc-30PRL

SELECT LABORATORY PARTNERS
INC

    Defendant.

# ORDER

Upon referral, this case involving breach of a clinical laboratory management contract is before the Court for consideration of Plaintiff's Motion for Declaratory Relief and for the Deposition of Anne Bowers, an employee of the state of Florida. For the reasons explained below, the undersigned declines to grant Plaintiff's request for a "declaration approving of the deposition" of Ms. Bowers. (Doc. 26).

## I.    BACKGROUND

Plaintiff, the owner of a clinical laboratory, has brought suit for breach of contract against Defendant, a management services company specializing in clinical laboratories. In brief, Plaintiff alleges that Defendant's mismanagement and failure to obtain the necessary licenses for its laboratory resulted in Plaintiff's loss of revenue for approximately four months. (Amended Complaint, Doc. 6).

As Plaintiff recites, the State of Florida Agency for Health Care Administration ("AHCA") is the agency responsible for the state-law licensure of clinical laboratories that provide lab services

within the state. § 483.051(1), Fla. Stat.; Rule 59A-7.024(1), Fla.Admin.Code. Plaintiff further recites that AHCA has the dual responsibility of acting as an agent of the federal Department of Health and Human Services ("HHS") to provide inspection and certification services regarding clinical laboratories doing business in Florida on behalf of HHS under the Clinical Laboratory Improvement Amendments of 1988 ("CLIA"), and under federal Medicare law. § 483.061(1)(a), Fla. Stat.; 42 USC § 263a; 42 CFR § 493. CLIA and Medicare information is generally subject to HHS *Touhy* protections against disclosure pursuant to 45 CFR § 2.3. *See, e.g., Boca Raton Community Hospital, Inc. v. Tenet Healthcare Corp.*, 2006 WL 1523234, * 1 (S.D. Fla. 2006). The HHS *Touhy* regulations require that as a provision of the exhaustion of administrative remedies, a litigant seeking HHS information from an HHS employee, where the United States is not a litigant in the case, must petition the Agency Head of HHS and have such request denied, prior to seeking relief from a court. *See United States ex rel. Pogue v. Diabetes Treatment Centers of America, Inc.*, 474 F.Supp.2d 75, 79-80 (D. D.C. 2007).

Plaintiff wishes to take the deposition of Anne Bowers, an ACHA employee who conducted a survey and issued a "Survey Report," in order to discover state law licensure deficiencies noted in the Survey Report. Plaintiff contends that it does not seek any CLIA information, Medicare information, or any other federal information pursuant to such deposition. Nonetheless, Plaintiff states that its attempts to set the deposition of Ms. Bowers have been thwarted by AHCA who has informed counsel that that HHS would not permit such a deposition to take place, based upon the *Touhy* limitations inherent in Anne Bowers' dual AHCA-HHS roles. Accordingly, Plaintiff "moves the Court for a declaration that AHCA employee Anne Bowers may be made subject to deposition pursuant to the attached subpoena in order to obtain her testimony regarding the aforementioned AHCA state-law licensure Survey and Survey Report."

## II. DISCUSSION

Here, Plaintiff's preemptive request for a declaration authorizing the proposed deposition of Ms. Bowers is both unusual and not contemplated by the Federal Rules of Civil Procedure. What Plaintiff requests is effectively an advisory opinion, and without the benefit of the real parties in interest being heard – Ms. Bowers, her employer, the State of Florida, and perhaps the United States. Plaintiff does not state whether it has exhausted its administrative remedies by petitioning the agency head of HHS, and has had that request denied. Rather, it appears that Plaintiff believes that step unnecessary and that the *Touhy* regulations are not applicable in the instant case. Likewise, it appears that Plaintiff has not actually issued a subpoena to Ms. Bowers, although presumably the parties have discussed the prospect of her deposition, and Plaintiff has provided a proposed subpoena (Doc. 26-1), with no date specified. The Court notes that the discovery deadline is July 1, 2015.

In other words, this matter has not yet progressed to a point that warrants action by the Court, as would typically be appropriate, for example, in considering a motion for protective order or to quash brought pursuant to Rule 26 or Rule 45 of the Federal Rules of Civil Procedure.

In support of its position, Plaintiff cites *Forgione v. HCA, Inc.*, 954 F.Supp.2d 1349 (N.D. Fla. 2013). The *Forgione* case originated in state court as a wrongful death action, wherein plaintiffs attempted to subpoena three ACHA employees. *Id.* at 1350. The United States removed the action to federal court for the purpose of contesting the enforcement of the subpoenas. *Id.* The United States argued that the subpoenaed individuals at issue were acting under the direction of federal agencies in completing a survey assessing compliance with certain Medicare and Medicaid health care provider requirements, and therefore were subject to the HHS Touhy regulations governing their testimony. *Id.* Ultimately, the court found that the regulation in

question, 45 C.F.R. § 2.2(3), could not be used to nullify the subpoenas, and denied the motion to quash. *Id*. at 1360.

Theoretically, *Forgione* may prove relevant, or even persuasive, to the instant case. However, *Forgione* was decided upon the United States' motion to quash subpoenas served upon state employees. *Id.* Moreover, in *Forgione,* plaintiff had previously directed a formal request to the CMS Administrator, pursuant 45 C.F.R. § 2.1(a)(b)(c), for permission to depose the three individuals concerning their factual findings from their investigation, and had been denied. *Id.* at 1351. Indeed, given the weighty considerations at issue[1] and the current posture of the case, it would be inappropriate to grant Plaintiff's requested "declaration" at this juncture.

### III.    CONCLUSION

Accordingly, upon due consideration, Plaintiff's Motion for Declaratory Relief (Doc. 26) is **DENIED**.

**DONE** and **ORDERED** in Ocala, Florida on June 11, 2015.

[signature]

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] The Federal Housekeeping Act, 5 U.S.C. § 301, permits federal agencies to prescribe regulations establishing conditions for the production or disclosure of agency information, including testimony by agency employees. See *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 469-70, 71 S.Ct. 416, 95 L.Ed. 417 (1951) (upholding Attorney General's regulations restricting production of Justice Department documents); *Moore v. Armour Pharm. Co*., 927 F.2d 1194, 1197 (11th Cir.1991), (noting that since *Touhy*, "an unbroken line of authority directly supports [the] contention that a federal employee may not be compelled to obey a subpoena contrary to his federal employer's instructions under valid agency regulations" (internal quotations omitted; alteration in original).